ROY B. THOMPSON, OSB 825013
Lead Counsel
roythompson@comcast.net
AMY M. BOGRÁN, OSB 990051
amymbogran@comcast.net
THOMPSON BOGRÁN, PC
5 Centerpointe Dr., Suite 400A
Lake Oswego, Oregon 97035
Telephone: 503.635.3400
Facsimile: 503.635.3897

Of Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THOMPSON BOGRAN, P.C.<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE, an Individual,<br><br>    Defendant. | No.<br><br>COMPLAINT:<br>Defamation<br>Intentional Infliction of Emotional Distress<br>Negligence<br>Intentional Interference with Business Relationships<br>18 U.S.C. Sec. 1001<br><br>Jury Trial Demanded |

**Nature of Action**

1.

Plaintiff asserts claims under Oregon common law and Federal statute, arising from conduct by the Defendant John Doe who is, based on reasonable information and belief of the Plaintiff, to be an Oregon Resident. Defendant sent defamatory, inaccurate, threatening and/or disparaging statements to an employee of Plaintiff, referred to in this matter as "Jane Doe," regarding her actions as an employee of

**Page 1 - COMPLAINT**

1  Plaintiff. Jane Doe, as an employee, necessarily shared these statements to Plaintiff and
2  threatened to resign her employment as a result of the received statements from
3  Defendants. Plaintiff seeks damages as alleged herein, including but not limited to
4  statutory damages, emotional distress damages caused to the Plaintiff's prinicipals, and
5  attorney fees and costs, as alleged herein, and Injunctive relief. Plaintiff demands a jury
6  trial.

**Parties**

2.

Plaintiff is Thompson Bogran, P.C., a law firm in Lake Oswego, Oregon and is an Oregon Corporation. Plaintiff is the employer of Jane Doe, who received the statements as alleged herein.

3.

Defendant is John Doe, who is an Oregon resident (based on information and belief by Plaintiff..

**Jurisdiction and Venue**

4.

This court has federal question jurisdiction under 28 USC §1331. The amount in controversy exceeds $75,000.00.

5.

Venue is proper in the District of Oregon under 28 USC § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claim(s) occurred in Portland, Oregon.

**Factual Background**

6.

On or about April 20, 2023, employee Jane Doe notified the Plaintiff that she received communications by text from phone number 503.868.6558 (which is to date is

Page 2 - COMPLAINT

not identified with any specific individual), which were defamatory, threatening, inaccurate, and/or disparaging as to her and her work on behalf of the Plaintiff. After receiving these communications and reporting them to the Plaintiff, employee Jane Doe discussed and threatened to resign from her employment with the Plaintiff based on the content of the communications.

7.

The communications as alleged were clearly intended to harass and harm the economic relationship between Plaintiff and Jane Doe, to cause both the Plaintiff and Jane Doe Intentional Emotional Distress, and to defame both Plaintiff and Jane Doe.

## FIRST CLAIM FOR RELIEF

### Defamation

8.

Plaintiff realleges paragraphs 1 through 7 above.

9.

Plaintiff is entitled to damages for Defamation in an amount to be proven at trial but is in excess of $75,000.00.

## SECOND CLAIM FOR RELIEF

### Intentional Infliction of Emotional Distress

10.

Plaintiff realleges paragraphs 1 through 9 above.

11.

Plaintiff is entitled to damages for Intentional Infliction of Emotional Distress in an amount to be proven at trial but is in excess of $75,000.00.

///

///

///

Page 3 - COMPLAINT

## THIRD CLAIM FOR RELIEF

## Intentional Interference with Business Relationships

12.

Plaintiff realleges paragraphs 1 through 11 above.

13.

Plaintiff is entitled to damages for Intentional Infliction of Emotional Distress in an amount to be proven at trial but is in excess of $75,000.00.

## FOURTH CLAIM FOR RELIEF

## Negligence

14.

Plaintiff realleges paragraphs 1 through 13 above.

15.

Plaintiff is entitled to damages for Negligence in an amount to be proven at trial but is in excess of $75,000.00.

## FIFTH CLAIM FOR RELIEF

## 18 U.S.C. Sec. 1001

16.

Plaintiff realleges paragraphs 1 through 15 above.

17.

Plaintiff is entitled to damages in an amount to be proven at trial but is in excess of $75,000.00.

18.

Plaintiff prays that the Defendants, and each of them, are fined under this statute and by this Court's exercise of discretion.

///

///

Page 4 - COMPLAINT

## SIXTH CLAIM FOR RELIEF

### Injunctive Relief

19.

Plaintiff realleges paragraphs 1 through 18 above.

20.

Plaintiff is entitled to an Order from this Court which enjoins both Defendants from any further conduct as alleged in this matter.

## JURY TRIAL DEMAND

21.

Plaintiff demands a trial by jury on all issues/claims which may be so tried.

WHEREFORE, Plaintiff prays for judgment in favor of Plaintiff and against Defendants, as follows:

## FIRST CLAIM FOR RELIEF
### (Defamation)

1. Economic and Noneconomic Damages in an amount to exceed $75,000.00 as alleged;

2. Such other relief as this Court finds is reasonable and warranted.

## SECOND CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

1. Economic and Noneconomic Damages in an amount to exceed $75,000.00 alleged;

2. Such other relief as this Court finds is reasonable and warranted.

## THIRD CLAIM FOR RELIEF
### (Intentional Interference with Business Relationships)

1. Economic and Noneconomic Damages in an amount to exceed $75,000.00 as alleged;

2. Such other relief as this Court finds is reasonable and warranted.

Page 5 - COMPLAINT

## FOURTH CLAIM FOR RELIEF
### (Negligence)

1. Economic and Noneconomic Damages in an amount to exceed $75,000.00 as alleged;

2. Such other relief as this Court finds is reasonable and warranted.

## FIFTH CLAIM FOR RELIEF
### (18 U.S.C. Sec. 1001)

1. Economic and Noneconomic Damages in an amount to exceed $75,000.00 as alleged;

2. Such other relief as this Court finds is reasonable and warranted.

## SIXTH CLAIM FOR RELIEF
### (Injective Relief)

1. An Order from this Court which enjoins both Defendants from any further conduct as alleged in this matter;

2. Such other relief as this Court finds is reasonable and warranted.

DATED: April 24, 2023                    THOMPSON & BOGRÁN, PC

                                         s/Roy B. Thompson

                                         _____
                                         Roy B. Thompson, OSB 82501
                                         Amy M. Bográn, OSB 99005
                                         15938 SW Quarry Rd., Suite B-6
                                         Lake Oswego, OR 97035
                                         Telephone:  503-245-6600
                                         Cellphone:  503-381-9945
                                         Facsimile:  503-244-8399
                                         E-mail:     roythompson@comcast.net

Page 6 - COMPLAINT